FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

MAR 2 5 2015

JEFFREY P. COLWELL
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Violation Notice Numbers |
| | ) 1:02—4617-484, -485, -486, -487 |
| BRANDI JONES | ) |
| | ) |
| Defendant. | ) |

---

## ORDER RE: MOTION FOR DISCOVERY

---

THIS MATTER comes before the Court for consideration of the Defendant's Motion for Discovery dated January 26, 2015. In addition to, and in supplementation of, the Discovery Ordered in the Discovery Conference Memorandum and Order, the Government is Ordered to provide to the Defendant the following named documents and tangible objects, as well as reports of examinations and tests within its possession, custody or control, or which may come within its possession, custody or control, and which are material to the preparation of the defense or which are intended for use by the Government as evidence in chief at trial:

(A) Defendant's Specific Requests for Rule 16 Material

1.     The defendant requests a copy of her prior criminal record. Said request is granted. The government shall furnish to the defendant a copy of her prior criminal record, if any, in accordance with Rule 16(a)(1)(D). Further, without limitation, the Defendant has specifically requested disclosure by the government of legible copies of all papers, records and documents relating to the Defendant's alleged alcohol-related

1

convictions and any court-ordered or administratively ordered revocation or suspension of her license to drive whether in Colorado or Arkansas and to include all documentation demonstrating notice of revocation or suspension served upon the Defendant. Said request is granted. The government shall furnish to the defendant legible copies of all papers, records and documents relating to the Defendant's alleged alcohol-related convictions and any court-ordered or administratively ordered revocation or suspension of her license to drive whether in Colorado or Arkansas and to include all documentation demonstrating notice of revocation or suspension served upon the Defendant.

2.      Pursuant to F.R.Cr.P. 16(a)(1)(E), the defendant, understanding her burden of reciprocal discovery as set forth in Rule 16(b)(1)(A), has requested disclosure of books, papers, documents, data, photographs, tangible objects, buildings or places, and copies or portions thereof, which are within the possession, custody, or control of the government, and which are material to the preparation of her defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant. Said request is granted. The government is ordered to permit the defendant to inspect and copy such books, papers, documents, data, photographs, tangible objects, buildings or places, and copies or portions thereof. Further, without limitation, the Defendant has specifically requested the government to provide all papers, documents, data, photographs, tangible objects prepared or seized by any law enforcement personnel, by any accident reconstructionist, by any emergency medical technician or emergency response personnel, by any doctor, nurse, nurse practitioner, phlebotomist, chemist, or other medical provider in connection with the investigation conducted at the scene of the traffic stop, or in connection with the

2

apprehension and the transport of the Defendant to any medical facility, including without limitation Evan Army Hospital, or in connection with the medical treatment of or medical treatment rendered to the Defendant, or in connection with all items seized, including any item removed from the car said to be driven by the Defendant and including any bodily fluids or specimens seized from her person, to include blood, urine, saliva, or breath, and including any testing performed thereon and including all papers demonstrating chain of custody of any such item provided, taken or seized by or from the Defendant. Further Defendant has specifically requested disclosure of the FBI Form 249 and FBI Form R-84 generated in this matter. Further, Defendant has specifically requested disclosure of the 2nd page (reverse page) of the DUI Field Sobriety Checklist generated in this case. Further, Defendant has specifically requested to be provided with legible copies of the Arkansas Certified Records previously provided. All of said specific requests are granted. The Government is ordered to provide the Defendant with all of said papers, documents, data, photographs and tangible objects.

3.     Pursuant to F.R.Cr.P. 16(a)(1)(F), the defendant, understanding her burden of reciprocal discovery as set forth in Rule 16(b)(1)(B), has requested disclosure of any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial. Said request is granted. The government is ordered to disclose all results and all reports of physical or mental examinations, and of all scientific tests or

experiments, or copies thereof. Further, without limitation, Defendant has specifically requested copies of all reports regarding the medical and other examination of the Defendant and all reports regarding the examination or testing of her blood, saliva or urine or other bodily tissues or substances. Said specific requests are granted. The government is order to provide the Defendant with copies of the same.

4.     Pursuant to F.R.Cr.P. 16(a)(1)(G), the defendant, understanding her burden of reciprocal discovery as set forth in Rule 16(b)(1)(C), has requested disclosure of a written summaries of testimony the government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence, relating to expert testimony and opinions of experts, during its case in chief at trial, as set forth in Rule 16(a)(1)(G). Said request is granted. The government is ordered to disclose written summaries of all testimony the government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence, relating to expert testimony and opinions of experts, during its case in chief at trial. Further, without limitation, the Defendant has specifically requested disclosure of all experts and said written summaries therefore with respect to all treating or examining professionals, including doctors, nurses and other medical professionals, intoxicologists, chemists, involved in the diagnosis, examination, and treatment of the Defendant on August 4, 2014 through August 5, 2014, and all experts examining or any bodily substance or fluid seized from the Defendant's person or otherwise. Said specific requests are granted. The government is ordered to disclose to the defendant all experts and said written summaries therefore with respect to all treating or examining professionals, including doctors, nurses and other medical professionals, intoxicologists, and chemists, involved in the diagnosis, examination, or treatment of the Defendant on

August 4, 2014 through August 5, 2014, and all experts examining or any bodily substance or fluid seized from the Defendant's person or otherwise.

5.      The government has a continuing duty to disclose under Rule 16(c). The government shall comply with that continuing duty.

(B) Defendant's Requests for Other Discovery

6.      Defendant has requested discovery of all original notes of law enforcement agents' interviews with the Defendant pursuant to United States v. Crisona, 416 F.2d 107 (2nd Cir. 1969), cert. denied, 397 U.S. 961 (1970); United States v. Layton, 564 F.Supp. 1391, 1395 (D.Or. 1983); United States v. Robinson, 546 F.2d 309(9th Cir), cert. denied, 430 U.S. 918 (1977). Said request is granted.  The government is ordered to provide copies of said original notes to the Defendant.

7.      Defendant has requested a list of potential and non-prospective witnesses and their addresses pursuant to Nipp v. United States, 422 F.2d 509 (10th Cir. 1970). Said request is granted.  The government is ordered to provide its list of potential and non-prospective witnesses and their addresses to the Defendant no later than 30 days prior to the trail date herein.

8.      Defendant has requested copies of all memoranda or summaries of any oral statements made by any person to an agent of the government or any other law enforcement agency in connection with the subject matter of this case and not included above regardless whether the statement, if in writing, has been signed, adopted, or approved by the witness(es) or the statement relates to the proposed subject matter of the direct examination of the witness(es) at trial.  Further, the defendant has requested the notes and memorandum made by the Government counsel and/or its agents during

the interview of the witnesses against the defendant pursuant to <u>Goldberg v. United States</u>, 425 U.S. 94 (1976). Said requests are granted. The government is ordered to *(unless protected under the law by work product or attorney-client privileges.)* provide to the Defendant copies of all such memoranda, summaries and notes.

9.      Defendant has specifically requested any evidence bearing on the credibility of any government witness and specifically any evidence tending to show the bias of any government witness or motive for any witness to testify falsely, including, without limitation, prior criminal records, probation files, and/or records of arrest for all such government witnesses and any and all information that any prospective government witness is under investigation by federal, state, or local authorities for any criminal activity pursuant to <u>United States v. Strifler</u>, 851 F.2d 1197, 1202 (9th Cir. 1988). Said request is granted. The Government is ordered to provide said evidence to the Defendant.

(C.) Discovery Order

10.     Effect of Order.   This is a binding discovery order. All requests for discovery will be considered continuing requests, and any discoverable information and/or material coming into the possession or knowledge of either party prior to or during the trial shall be made available to the opposing party promptly, consistent with the law and on an ongoing basis.

11.     Disclosure by the Government.   Unless otherwise specified in this Discovery Order, the government, on or before the date set forth in the Discovery Conference Memorandum and Order on page 9, shall disclose those materials set forth herein that are on that date within the possession of the attorney for the government. If additional material subject to the disclosure obligations set forth herein come into the

possession of the attorney for the government, the attorney for the government shall forthwith disclose the material to the defendant. The attorney for the government shall exercise due diligence as expressly required by provisions of Rule 16 to fulfill his or her discovery obligations under the provisions of Rule 16.

12.     Any motion alleging a failure to comply with the time limits set forth in this report and order must be filed promptly.

IT IS SO ORDERED, this 25th day of ____March____, 2015.

BY THE COURT:

_____

U.S. MAGISTRATE JUDGE