# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE (For a Petty Offense) |
|---|---|
| v. | CASE NUMBER: 15-mj-07006-MEH-01 |
| BRANDI R. JONES | Richard F. Bednarski (Defendant's Attorney) |

**THE DEFENDANT:** Pleaded guilty to counts 2 and 3 of the Information.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| C.R.S. 42-4-1301(2)(a) | Driving Under the Influence (BAC > .08) | 08/04/2014 | 2 |
| CRS 42-2-138(1)(d) | Driving Under Restraint (Alcohol Related) | 08/04/2014 | 3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 1 of the Information is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

July 30, 2015
Date of Imposition of Judgment

*/s/ Michael E. Hegarty*
Signature of Judicial Officer

Michael E. Hegarty, U.S. Magistrate Judge
Name & Title of Judicial Officer

8/4/2015
Date

DEFENDANT: BRANDI R. JONES
CASE NUMBER: 15-mj-07006-MEH-01                           Judgment-Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 60 days imprisonment on Count 2; 30 days imprisonment on Count 3, to run consecutively, for a total of 90 days imprisonment.

The defendant shall surrender to the United States Marshal for this district on August 19, 2015 by 10:00 a.m.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By_____
Deputy United States Marshal

DEFENDANT: BRANDI R. JONES  
CASE NUMBER: 15-mj-07006-MEH-01 Judgment-Page 3 of 6

## PROBATION

The defendant is hereby placed on probation for a term of two (2) years.

The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in and complete a Level II Drug and Alcohol education program as directed by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2) The defendant shall perform a total of 48 hours through Front Range Community Inc., or Army Community Services, to include 2 (two) hours through Mother's Against Drunk Driving/Victim Impact Panel as directed by the probation officer.

DEFENDANT:  BRANDI R. JONES
CASE NUMBER:  15-mj-07006-MEH-01                                          Judgment-Page 5 of 6

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | CVB | Fine | Restitution |
|---|---|---|---|---|
| 2 | $25.00 | $0.00 | $750.00 | $0.00 |
| 3 | $25.00 | $0.00 | $750.00 | $0.00 |
| **TOTALS** | $50.00 | | $1,500.00 | $0.00 |

DEFENDANT: BRANDI R. JONES
CASE NUMBER: 15-mj-07006-MEH-01                                           Judgment-Page 6 of 6

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

All fines and special assessments fees are to be paid in full no later than July 30, 2016.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) special assessment, (2) fine principal, (3) fine interest.